## In re TURNPIKE NISSAN, INC., Debtor/Plaintiff,

### v.

## NISSAN MOTOR CORPORATION IN U.S.A., Defendant.

**Bankruptcy No. 5–91–00877.
Adv.. No. 5–91–0110.**

United States Bankruptcy Court, M.D. Pennsylvania.

June 25, 1992.

Edward R. Eidelman, Allentown, PA, for debtor/plaintiff.

Michael Cordone, Wilkes–Barre, PA, for defendant.

### MEMORANDUM AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The Debtor has filed a Complaint for an Injunction requesting that Nissan Motor Corporation in U.S.A. revoke its purported termination of Debtor's Nissan franchise; requiring the Defendant to process and respond to any bona fide sales agreement in conjunction with the sale of Plaintiff's franchise; refraining from taking any action contrary to the Debtor's interests as a Nissan dealer; and requesting that compensatory and punitive damages together with reasonable attorney's fees be awarded the Plaintiff/Debtor.

Contemporaneous with the filing of the Complaint, the Debtor/Plaintiff did file a Motion for Preliminary Injunction requesting that the Franchisor/Defendant, Nissan Motor Corporation in U.S.A., be enjoined from terminating the franchise with the Debtor. The Complaint and Motion were filed September 6, 1991 and the hearing on the request for Preliminary Injunction was held November 25, 1991 before my predecessor, The Honorable Thomas C. Gibbons, Bankruptcy Judge. Judge Gibbons retired without rendering a decision. Nevertheless, both parties have been given the opportunity for a rehearing on this issue before this Court and have consented to my adjudication of this controversy based on the pleadings and the transcript of the record, as well as their briefs.

This Court makes the following findings of fact. By letter dated April 4, 1991, the Defendant, Nissan Motor Corporation in U.S.A., (Nissan, U.S.A.), sent a letter to

Turnpike Nissan, Inc., the Debtor herein, advising the Debtor that the franchise agreement would be terminated "effective sixty (60) days from the date of this letter" by reason of the cancellation of a floor plan arrangement with a local bank. The Debtor acknowledges having received this letter on April 8, 1991.

The Debtor alleges that the termination date was modified by a telephone conversation between Martin Margolis, a practicing attorney and the principal of the Debtor, and Thomas Eastwood, a representative of Nissan Motor Corporation in U.S.A. The Debtor suggests that this telephone conversation of April 25, 1991 was memorialized in a letter to Mr. Eastwood dated May 28, 1991, wherein Mr. Margolis is quoted as saying to Mr. Eastwood, "You indicated that Nissan would entertain an extension of the franchise termination date at Turnpike Nissan in the event we had a genuine bona fide buyer".

The summary of the telephone conversation with Mr. Eastwood made by Mr. Margolis was disputed by Nissan U.S.A.'s letter of May 30, 1991.

On June 4, 1991, the Plaintiff filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code.

The Defendant argues that the termination is effective sixty (60) days from the date of the letter or June 5, 1991.

On the other hand, the Debtor argues that Pennsylvania State Statute 63 P.S. Section 818.9(c) states that "not less than sixty (60) days advance notice of such termination, cancellation or failure to renew, shall be given the dealer or distributor prior to the effective date thereof ..." The Debtor suggests that "advance notice" runs from the date of receipt and not the date of mailing. According to the Debtor then, the franchise would not have been terminated until June 7, 1991.

Apparently, the date of termination becomes important since a signed contract for the purchase of the dealership was entered on June 4, 1991.

"To obtain a Preliminary Injunction, the moving party must demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *In Re Morton v. Beyer*, 822 F.2d 364, 367 (3rd Cir.1987) (emphasis in original). "[W]e cannot sustain a Preliminary Injunction ordered by the District Court where either or both of these prerequisites are absent." *In Re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1143 (3rd Cir. 1982). "In addition, ..., 'the District Court "should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." ' " *In Re Morton*, 822 F.2d at 367, note 3 (citations omitted). *In Re Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 197 (3rd Cir.1990).

Initially then, this Court must make a finding that there is a "likelihood of success" by Turnpike Nissan, the Debtor, at the final hearing on the permanent injunction. We find that we can come to no such conclusion.

*BLACK'S LAW DICTIONARY, Fifth Edition (1979)* defines likelihood as meaning "probability". *Black's* further defines probability as "a condition or state created when there is more evidence in favor of the existence of a given proposition than there is against it".

■ In order to prevail, Turnpike Nissan must first convince this Court that its franchise agreement is still in effect. Whether we accept the date of the letter terminating the franchise, i.e. April 4, 1991, or the date of receipt by the Debtor of that letter, i.e. April 8, 1991, the inescapable conclusion is that on June 7, 1991 the franchise agreement terminated unless it was modified by the parties.[1]

■ The most telling piece of evidence with regard to that determination is set forth in Exhibit "C" of the Debtor's Memo-

---

1. The automatic stay created by the Debtor's bankruptcy on June 4, 1991, cannot extend the termination date of the franchise agreement. *In*

*Re: Moody v. Amoco Oil Co.*, 734 F.2d 1200 (7th Cir., 1984) *cert. denied*, 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321 (1984).

randum of Law in Support of Plaintiff's Motion for Preliminary Injunction. Exhibit "C" is the letter of May 28, 1991 from Attorney Martin Margolis, Debtor's principal, which begins by saying "Furthering our conversation of April 25, 1991, you indicated that Nissan would entertain an extension of the franchise termination date at Turnpike Nissan in the event we had a genuine bona fide buyer."

When a practicing lawyer uses this kind of language to memorialize a telephone conversation with a franchisor, it can hardly evidence an agreement to extend the franchise termination date, but rather, it indicates an invitation to negotiate further. Moreover, there is no evidence in the record that would compel a contrary conclusion. This Court further finds that there is no evidence in the record that would allow the Debtor to implement the doctrine of promissory estoppel or demonstrate that the Defendant herein acted in bad faith.

Since the Debtor has failed to demonstrate a "likelihood of success" on the merits, it is the conclusion of this Court that the Debtor's request for Preliminary Injunction be denied.